# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **MATERIALES EL VALLE EDINBURG** § | | |
| *Plaintiff,* § | | |
| § | | |
| VS. § | **CIVIL ACTION NO. 7:18-cv-194** | |
| § | | |
| **STATE FARM LLOYDS,** § | | |
| *Defendant.* § | **JURY DEMANDED** | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

Defendant STATE FARM LLOYDS ("State Farm") files this Notice of Removal to remove from the County Court at Law No. 1 of Hidalgo County, Texas to this Court a suit styled *Materiales El Valle Edinburg v. State Farm Lloyds* and docketed under Cause No. CL-17-3479-A (hereinafter referred to as the "State Court Action").

### STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1. This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction.[1]

2. Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

### NATURE OF PLAINTIFF'S CASE

3. This suit involves a claim for property damage arising from a wind/hail storm that allegedly occurred on or about March 26, 2015 at Plaintiff's commercial property located at 3910 S. Jackson Road, Edinburg, Texas. State Farm is the insurer for Plaintiff. Plaintiff now sues State

---
[1] 28 U.S.C.A. § 1441(a).

Farm alleging breach of contract, violations of the Texas Insurance Code, violations of the DTPA, and breach of the duty of good faith and fair dealing. Plaintiff seeks actual damages, 18% interest under the Insurance Code, "exemplary and/or treble damages" under the Insurance Code and DTPA, attorney's fees, and pre- and post-judgment interest.[2]

## TIMELINESS OF NOTICE OF REMOVAL

4. Plaintiff filed this suit on August 28, 2017, and Defendant was served on September 5, 2017. Although this case was not removable when originally filed, it became removable on May 23, 2018, the date Plaintiff produced his estimate of damages.[3] Defendant files this notice of removal within 30 days after receiving the estimate of damages from Plaintiff and within one year of the commencement of the suit as required by 28 U.S.C. §1446(c)(1).

## BASIS FOR REMOVAL

5. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.[4]

### A.  Complete Diversity Exists

6. Plaintiff was, at the time this action commenced, and still is, a citizen of Texas. Plaintiff is a corporation, and a corporation is considered to be a citizen of (1) every U.S. state and foreign stated where it is incorporated and (2) the U.S. state or foreign state where it has its principal place of business.[5] Plaintiff is incorporated in Texas and has one principal place of business in Hidalgo County, Texas. Therefore, Plaintiff is a citizen of Texas.

7. Defendant State Farm was, at the time this action commenced, and still is, a citizen

---

[2] Plaintiff's Original Petition, at ¶¶ 14, 20, 23, and Prayer.
[3] 28 U.S.C. §1446(b)(3).
[4] 28 U.S.C. §1332(a).
[5] 28 U.S.C. §1332(c)(1); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013); *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 51 (2d Cir. 2012); H.R. Rep. No. 112-10, at 8-9 (2011).

of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes.[6] Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

**B.     Amount in Controversy Met**

8.    The amount in controversy is in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs.[7]

9.    Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy.[8] However, a plaintiff's pleading of a specific sum does not control when made in bad faith or when, as in Texas, state court practice does not permit demand for a specific sum.[9]

10.    Texas state court practice does not permit a demand for a specific sum.[10] Further, it has been held that where a plaintiff attempts to plead an amount not to exceed $75,000, it may be considered bad faith manipulation and an attempt to avoid federal jurisdiction.[11]

11.    Exemplary damages are to be considered in determining the amount in controversy

---

[6] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.,* 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members).
[7] 28 U.S.C.A §1332(a).
[8] 28 U.S.C. §1332(a).
[9] *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); Tex. R. Civ. P. 47(b)-(c).
[10] *See* Tex. R. Civ. P. 47(b)-(c); *see also Chavez*, at *2.
[11] *See Id; Garcia v. Kellogg USA, Inc*., No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar,* 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio),* No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

if the defendant could be liable for such damages under state law.[12] Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000; or … $200,000."[13]

12. Although Plaintiff attempts to avoid federal court jurisdiction by pleading a specific sum of damages, a preponderance of the evidence shows that the amount in controversy exceeds $75,000.00.[14]

13. Defendant notes that Plaintiff states that, "in accordance with Texas Rules of Civil Procedure 47(c), Plaintiff seeks monetary relief of $100,000.00 or less."[15] Plaintiff also filed a stipulation of damages and included a statement in its petition that, "Plaintiff seeks monetary relief not [sic] exceed the sum of $74,999.00, which is an amount less than $100,000.00 ..., and again later states that its damages does not exceed the sum of $74,999.00, including exemplary and punitive damages, penalties, and attorney's fees, but exclusive of interests and costs."[16] Plaintiff's stipulation of damages; however, is not signed by Plaintiff and is a unilateral statement not joined by Defendant.

14. Plaintiff's Original Petition did not set forth a removable claim, and at the time suit was filed, Defendant had not received a demand or estimate of damages from Plaintiff. However, on May 23, 2018, Plaintiff served an estimate of damages amounting to $183,807.45.[17] The

---

[12] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[13] TEX. CIV. PRAC. & REM. CODE § 41.008(b)(1)-(2).
[14] A defendant may satisfy the amount in controversy element for removal by "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *1 (S.D. Tex. Feb. 18, 2016), citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[15] Plaintiff's Original Petition, at ¶4.
[16] Id., at ¶¶ 3 and 4.
[17] Exhibit A, May 23, 2018 email and attached estimate.

estimate constitutes "other paper" from which it may first be ascertained that the case is one which is or had become removable."[18]

15. Plaintiff's estimate of damages alone exceeds the amount of in controversy, and together with Plaintiff's other plead damages, specifically, "exemplary and/or treble damages" under the Insurance Code and DTPA, 18% interest under the Insurance Code, and attorney's fees far exceed the amount in controversy defendant could be liable for under state law.[19] Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000; or … $200,000."[20]

16. Therefore, the $75,000 amount in controversy federal jurisdictional requirement is easily be met if Plaintiff is successful in his claim for punitive or treble damages.

## ATTACHMENTS

17. True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit B**, as required by 28 U.S.C. §1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as **Exhibit C**.

## NOTICE SHALL BE PROVIDED

---

[18] 28 U.S.C. § 1446(b)(3). See also *Bosky v. Kroger Texas, LP,* 288 F.3d 209, 210 (5th Cir. 2002) (referencing *Marchel v. Pool Co.*, 5 F.3d 81, 82-85 (5th Cir. 1993) ("specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal.")
[19] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[20] Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)-(2).

18.     Pursuant to 28 U.S.C. §1446(d), State Farm will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the County Clerk of Hidalgo County, Texas, where the State Court Action was previously pending.

## CONCLUSION

WHEREFORE, Defendant State Farm Lloyds hereby requests removal of this case, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendant State Farm may be justly entitled.

Respectfully submitted,

By:     */s/ Viola G. Garza*
Viola G. Garza
Federal ID No. 19310
State Bar No. 00787818
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324
Email: viola@cowengarza.com

**ATTORNEY-IN-CHARGE
FOR DEFENDANT
STATE FARM LLOYDS**

**Of Counsel:**
Summer Olmos
Federal ID No. 625129
State Bar No. 24051134
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

Email: summer@cowengarza.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the preceding, Defendant's Notice of Removal has been filed electronically with the Clerk of the Court and notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile to the following CM/ECF participants on June 21, 2018.

***VIA FACSIMILE: (956) 383-2147***
***& VIA E-MAIL:*** *mcallenlaw@gmail.com*
Willie McAllen
Law Office of Willie McAllen
2102 W. University Dr.
Edinburg, Texas 78539
Tel. (956) 383-2143

***VIA FACSIMILE: (210) 562-2880***
***& E-MAIL:*** *doug@pennebakerlaw.com*
Douglas E. Pennebaker
Pennebaker Law Firm
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Tel. (210) 562-2880

                                                                             */s/ Viola G. Garza*
                                                                             Viola G. Garza